UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PARKVIEW EDGE PROPERTIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUDITH E. DUMLAO; TOMMY U. DUMLAO SR; and DOES 1 to 10,<br><br>　　　　　　Defendants.<br>_____/ | No. C 14-04899 LB<br><br>**ORDER (1) DIRECTING THE CLERK OF THE COURT REASSIGN THIS ACTION TO A DISTRICT COURT JUDGE, AND (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: ECF No. 9, 11] |

**INTRODUCTION**

Plaintiff Parkview Edge Properties, LLC ("Parkview") filed a complaint for unlawful detainer against Judith E. Dumlao, Tommy U. Dumlao, and Does 1 to 10 ("Defendants"), in Alameda County Superior Court on September 3, 2014. *See* Notice by Elaine Altares Escobal, Complaint, ECF No. 4 at 11.[1] Ms. Escobal, who is proceeding *pro se* and presumably is one of the Doe Defendants, removed this action to federal court based on diversity and federal-question jurisdiction. *See* Notice of Removal, ECF No. 1, ¶¶ 4-15. In response, Parkview moves to remand this action back to state

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

court, arguing that this court lacks subject-matter jurisdiction over this action because (1) Ms. Escobal is a California resident and may not remove this action to federal court based on diversity jurisdiction, (2) the amount in controversy is less than $75,000, and (3) Ms. Escobal alleges federal defenses to justify removal of this case to federal district court. *See* Motion to Remand, ECF No. 9. Parkview also asks the court to declare Defendants vexatious litigants, based on Ms. Escobal's prior, meritless removal of Parkview's complaint, and to sanction them in an amount equal to the attorneys' fees and costs incurred by Parkview to file the instant motions. *See* Motion for Sanctions, ECF No. 11; *see also Parkview Edge Properties, LLC v. Dunlao, et al.*, No. C14-04396 MMC, Dkt. No. 8 (Oct. 31, 2014). Based on its review of the complaint, notice of removal, and Parkview's motions, the court agrees with Parkview that it lacks jurisdiction over this action. The court disagrees, however, that sanctions are warranted at this time. Because Defendants have not consented to or declined the court's jurisdiction, the court **DENIES** Parkview's motion for sanctions, **ORDERS** the Clerk of the Court to reassign this action to a district court judge, and **RECOMMENDS** that the newly-assigned district court judge grant Parkview's motion to remand.[2]

## STATEMENT

In the complaint, Parkview alleges that its predecessor in interest purchased the property at 30286 Oakbrook Road Hayward, California ("Property") at a foreclosure sale. Compl., ECF No. 1, ¶¶ 4, 8. On August 8, 2014, ownership of the Property was transferred to Parkview. *Id.*, ¶4. Since the date of the Property's sale, "Defendants have occupied [the Property] without [Parkview's] consent or authorization." *Id.*, ¶ 10. Parkview served "Defendants a written notice . . . demanding [they] quit and deliver up possession of the [Property] within [three] days" pursuant to California Civil Code section 1161a. *Id.*, ¶ 12. Parkview alleges that "Defendants have failed and refused, and continue[] to fail and refuse, to quit and deliver up possession of [the Property]." *Id.*, ¶ 13.

Parkview seeks damages of $150 per day based upon a thirty-day month or $4,500 per month from September 3, 2014 to the date of entry of judgment or when Parkview recovers the Property. *Id.* at 12-13.

---

[2] Parkview's motion for sanctions is not a dispositive one, so the undersigned may rule on it without the parties' consent to magistrate jurisdiction. *See* 28 U.S.C. § 636.

C 14-04899 LB
ORDER; REPORT AND RECOMMENDATION

UNITED STATES DISTRICT COURT
For the Northern District of California

On November 4, 2014, Ms. Escobal removed the action from state court, invoking diversity of citizenship and federal question as the basis for jurisdiction. Notice of Removal, ECF No. 1, ¶¶ 4-15. In the notice of removal, she asserts that there is "complete diversity of citizenship," because Parkview "is acting as trustee to US Bank National Association[,]" which "is not a citizen of California" and she "is a citizen of California." *Id.*, ¶¶ 5-6. Also, she alleges that the amount in controversy "exceeds the jurisdictional prerequisite of $75,000.00, exclusive of interests and costs." *Id.*, ¶ 8.

She alleges that this court has federal-question jurisdiction over this case because of the following:

- it is part of the whole debt collection process and Parkview is a debt collector under title 15, section 1692 of the United States Code;
- possible discrimination under title VIII of the Civil Rights Act of 1968;
- the "[c]ourt has both personal jurisdiction and subject matter jurisdiction to hear this case pursuant to [title 28, sections 1334 and 157(b)(2)] of the United States Code[;]"
- it involves a Fourteenth Amendment procedural due process right issue;
- it raises an issue regarding the "hardship standard of rules of the United States Supreme Court in relation to [her] property rights . . . [;]"
- the construction of the Pooling and Service Agreement of the US Bank National Association raises a federal question;
- the Trustee's Deed Upon Sale (attached as Exhibit No. 2) "clearly identified the [s]ecuritized [t]rust that this [d]ebt or [m]ortgage has been sold to" and the "[s]ecurity [t]rust is governed by laws of the State of New York and [f]ederal laws[;]" and
- there is a question about whether Parkview "has established legal standing in the foreclosure action." Notice of Removal, ECF No. 1, ¶¶ 9, 10, 11, 12, 15.

On November 12, 2014, Parkview filed a motion to remand this action back to state court and a motion for sanctions. Motion to Remand, ECF No. 9; Motion for Sanctions, ECF No. 11.

**ANALYSIS**

**I. THE COURT LACKS DIVERSITY JURISDICTION**

As stated above, Ms. Escobal asserts diversity jurisdiction is support of removing the action to this court.

Federal courts have diversity jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal is impermissible if any defendant is a citizen of the state in which the action is brought (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b)(2).

Defendants are citizens of California. Notice of Removal, ECF No. 1, ¶ 7. Therefore, they cannot invoke diversity jurisdiction because they are citizens of California, where the action was originally brought.

Also, the amount in controversy is less than $75,000.00. Compl., ECF No. 4 at 13. Parkview seeks $150 per day from September 3, 2014 to either the date of judgment or when it recovers possession of the Property. *Id.* Currently, it has been over two months since September 3, 2014 and even if Parkview does not recover possession of the Property for another two months, it would only seek approximately $18,000.00 in damages. The amount of damages at issue in this case does not come close to reaching the threshold amount. Therefore, for the reasons discussed, Defendants are not permitted to remove this case to federal court because the court lacks diversity jurisdiction.

**II. THE COURT LACKS FEDERAL-QUESTION JURISDICTION**

The court also finds that it lacks federal question jurisdiction over this action, despite Ms. Escobal's allegations.

A defendant in state court may remove an action to federal court when the question arises under federal law.[3] 28 U.S.C. § 1331 . It is the defendant's burden to prove the basis for the federal court's jurisdiction. *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the

---

[3] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl. 1.

notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).  Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).  However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of Cal.*, 463 U.S. at 22.

Parkview alleges a single claim against Defendants for unlawful detainer.  Compl., ECF No. 4, ¶ 2.  Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Despite Ms. Escobal's attempt to argue that this court has federal-question jurisdiction by alleging that Parkview violated federal laws and statutes and that federal laws and statutes govern over this case, her arguments are not affirmative claims and no such affirmative claims appear in the complaint. *See* Compl., ECF No. 4; Notice of Removal, ECF No. 1.  Rather, they are federal defenses, and, as stated above, federal defenses, regardless of their merit, cannot provide this court with federal-question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

### III. THE COURT DOES NOT BELIEVE THAT SANCTIONS ARE WARRANTED AT THIS TIME

As for Parkview's motion to declare Defendants vexatious litigants and sanction them, the court does not believe that such relief is appropriate at this time.  As for its request to declare Defendants vexatious litigants, the Ninth Circuit has explained that

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used. *De Long*, 912 F.2d at 1147. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed.2d 265 (1982) (noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3, at 698 (3d ed.2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.

Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148; *see O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). Thus, in *De Long*, we outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *De Long*, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." *Id.* at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In this case, Defendants are pro se, and it appears that they have yet to be warned that successive, improper removals could support sanctions against them. Without such a warning, the court does not believe that the record sufficiently supports sanctions.

The court's conclusion is the same with respect to the monetary sanctions Parkview seeks. Given Defendants' pro se status, the court is not certain that Defendants even knew that they could be sanctioned thousands of dollars for improperly removing Parkview's complaint. On this record, the court does not believe that monetary sanctions are appropriate. Accordingly, Parkview's motion is denied.

That said, the court does warn Defendants that these sanctions could be imposed upon them in the future, if they again remove Parkview's complaint on the same grounds that have been rejected here.

## CONCLUSION

The district court has neither federal-question nor diversity jurisdiction over this action. Because

C 14-04899 LB
ORDER; REPORT AND RECOMMENDATION

1 Defendants have neither consented to or declined this court's jurisdiction, the court **DENIES**
2 Parkview's motion for sanctions, **ORDERS** the Clerk of the Court to reassign this action to a district
3 court judge, and **RECOMMENDS** that the newly-assigned district court judge grant Parkview's
4 motion to remand this action to Alameda County Superior Court.

5     Any party may file objections to this Report and Recommendation with the district judge within
6 fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.
7 Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review the issue in the district
8 court.

9     **IT IS SO ORDERED.**

10 Dated: November 13, 2014

11                                     LAUREL BEELER
                                     United States Magistrate Judge